Barney Ostrow v. Commissioner. Estate of Charlotte Ostrow, Deceased, the American National Bank of San Bernardino, Administrator v. Commissioner.
Ostrow v. Commissioner
Docket Nos. 42550, 42551.
United States Tax Court
1953 Tax Ct. Memo LEXIS 21; 12 T.C.M. (CCH) 1413; T.C.M. (RIA) 53407; December 15, 1953
*21 Clayton J. Burrell, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Barney Ostrow and his wife Charlotte, who is now deceased, were residents of California during the taxable years, and they reported income on a community property basis. They filed separate income tax returns with the collector for the sixth district of California. The taxable years are 1943 through 1947. Under section 293 (b) of the Code, the Commissioner made 50 per cent additions to each deficiency in income tax for each year. The Commissioner originally determined deficiencies in income tax and 50 per cent additions under section 293 (b) in total amounts for the five taxable years set forth below: Docket
Total
Total
Number
Deficiencies
Penalties
42550
$49,209.40
$24,604.70
42551
48,892.15
24,446.07 The Commissioner revised his determinations of the amounts of the deficiencies in income tax and of the additions for some of the taxable years which results in decreases of the total deficiencies and penalties. He now claims, under amended answers, that the deficiencies and additions under section 293 (b) are as follows: Docket No. 42550 - Barney Ostrow
Revised
Revised 50%
Year
Deficiencies
Penalties
1943
$ 9,579.90
$ 4,789.95
1944
2,735.75
1,367.88
1945
9,780.38
4,948.54
1946
9,318.59
4,659.30
1947
154.00
77.00
Totals
$31,568.62
$15,842.67
Docket No. 42551 - Estate of Charlotte
Ostrow, Dec'd.
1943
$ 9,579.90
$ 4,789.95
1944
2,735.75
1,367.88
1945
9,705.37
4,911.03
1946
9,275.84
4,637.92
1947
59.00
29.50
Totals
$31,355.86
$15,736.28
*22 There was no appearance for the petitioners and no evidence was offered to contest the Commissioner's determination of the deficiencies. Consequently, the deficiencies in income tax, as revised, must be, and are, affirmed for failure of the petitioners properly to prosecute. The Commissioner introduced evidence under his burden of proof, section 1112 of the Code, to show that a part of each revised deficiency in each proceeding was due to fraud with intent to evade tax. That evidence has been considered and from the entire record it is hereby found as a fact that a part of the revised deficiency for each of the years 1943 through 1947, in each proceeding, was due to fraud with intent to evade tax. As to the issue of fraud in each proceeding, considering the entire record, the respondent has presented evidence which is clear and convincing. Petitioners did not present any evidence under the fraud issue. Cf. . See, also, ; ; . The Commissioner has conceded that he erred in *23 treating as ordinary income instead of capital gain, the sum of $36,000, which was realized from the sale of property in 1946, and that he made other errors in his original determinations of the amounts of deficiencies and penalties. The Commissioner's exhibit "M" shows that he made jeopardy assessments on the basis of his original determinations and that upon making revisions of the deficiencies there are overassessments. Although the decisions to be entered in these proceedings will be for the respondent in accordance with the revised determinations set forth above, Rule 50 recomputations are necessary to show, for the purpose of section 322 (d) of the Code, the amounts of overpayments. Decisions will be entered under Rule 50.